Mr. Chief Justice Bingham
delivered the opinion of the ■court :
The record shows that the plaintiff, on May 15, 1877, filed liis declaration against Cerf Solomon, Jacob Solomon and Michael Hannan, trading under the firm name of Cerf Solo *7 mon and John A. Moore, upon three promissory notes, transferred to the plaintiff for goods and chattels sold and delivered by the plaintiff to said firm of Cerf Solomon; that to this declaration the defendants other than Cerf Solomon filed their pleas in due season, but that the said Cerf Solomon filed none. The pleas of the defendant, John A. Moore, were filed June 5, 1877. To these pleas no replication was ever filed, nor was issue ever joined upon them.
On March 8, 1879, there appears in the record what purports to be a judgment against the defendants,- Cerf Solomon and John A. Moore, for the amount claimed in the declaration, reciting that the said defendants, “though served with •copies of the declaration, notice to plead and summons, hath not pleaded to the declaration,” in consequence whereof it is considered that the plaintiff is entitled to recover, and judgment is entered accordingly. This recital appears to be true an respect to the defendant, Cerf Solomon, but the reverse in •respect to the defendant, John A. Moore.
The notes were made by the defendant, John A. Moore, payable to the order of defendants, Cerf Solomon, Jacob Solomon and Michael Hannan, trading under the firm name of •Cerf Solomon.
The original declaration did not set out the notes as payable to order.
On the 25th day of July, 1879, the plaintiff, by leave of the court, filed an amendment to his declaration, in which the notes are described as payable to the order of Cerf Solomon, Jacob Solomon and Michael Hannan.
On the 7th of November the plaintiff dismissed the suit as to Michael Hannan, and submitting the cause to a jury, as against Jacob Solomon, obtained a verdict and judgment against him.
On the 1st day of February, 1888, the plaintiff caused to be issued against Cerf Solomon, Jacob Solomon and John A. Moore a writ of scire facias to revive a judgment recovered .against them on the 8th day of March, 1879, for $602.
The defendant, John A. Moore, on the 6th of March, 1888, *8 filed his plea to this writ, and says “there is no such judgment against him in said cause upon which an execution cans or ought to move against him,” but to this plea did' not attach any affidavit.
On the 14th of March, 1888, the plaintiff filed a motion to-strike Moore’s plea to the writ of scire facias from the record, because not supported by affidavit, and (2) for judgment on the writ of scire facias for want of a duly verified plea; and (3)' for revivor of the judgment, a notice of which motion was duly served.
On the 28th day of April, 1888, this motion was sustained and judgment of revivor entered against Moore. From this, judgment and order Moore appeals to the General Term.
Rule 121 of this court is as follows: “In cases of scire facias on judgment and in actions on judgments from a State-court or a court of the United States, any plea thereto shall be treated as a nullity, unless an affidavit accompany the plea showing a defense to the action.”
It is insisted by the defendant Moore’s counsel that this rule does not apply to a plea of nul tiel record, and in support of this position a number of authorities are cited to the effect that such pleas should not conclude to the country, but by praying judgment of the court, etc.
We think that the rule being general, must be complied' with, and that the authorities cited do not apply to a case like-the one at bar in this jurisdiction, even though the issue be-one for the court, yet it involves a question of fact as well as-law, and the plea should be verified.
It is insisted that the judgment sought to be revived was invalid because taken while there was a plea by defendant,, although not verified, as though no plea had been filed. Also that the declaration was defective, and that the declaration subsequently to the judgment against Moore was amended. As to the latter claim it will be observed that no step was-taken or attempted against Moore after the amendment. The scire facias is to revive the judgment of March 8, 1877, against him.
*9 We are of the opinion that the amendment could not have the effect to set aside the judgment, even though it should be admitted that it was error not to set it aside before amending the declaration.
The Circuit Court could not refuse to revive the judgment because of any errors appearing in the record prior or subsequent to the judgment, provided it appeared that the court, when it rendered judgment, had jurisdiction of the subject-matter of the action and of the person of the defendant.
The record showing that the defendant was personally served and that he appeared, and that the declaration stated a cause of action (defectively, it may be admitted) of which the court had jurisdiction, the defendant should have appealed from the original judgment or in some way proceeded directly to set it aside.
Having waited, he cannot in this proceeding be allowed b> show error, however gross, falling short of showing a want of jurisdiction in the court to render the judgment. Henry vs. Brothers, 48 Pa. St., 71; Carr vs. Townsend, 63 Pa. St., 20; U. S. vs. Thompson, Gilpin, 614; Brown vs. Banner, 45 Miss.

Judgment affirmed.